UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY S. HARBERS,

    Plaintiff,

vs.

    Case No. 8:11-cv-2636-EAK-MAP

TIMOTHY L. HARBERS, individually and
as Trustee of the Bernadine Harbers
Irrevocable Trust u/t/d April 23, 2004 and
JUNE M. HARBERS, individually,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

This cause is before the Court on Plaintiff's motion to dismiss counterclaims, Plaintiff's motion to strike affirmative defenses, and Defendants' responses thereto. Plaintiff, Cindy S. Harbers, brings this action against Defendants, Timothy L. Harbers and June M. Harbers, over the inheritance and irrevocable trust of Bernadine Harbers. In their answers to Plaintiff's complaint, Defendants set forth two (2) counterclaims and eleven (11) affirmative defenses. Plaintiff seeks dismissal of the two (2) counterclaims and seeks to strike six (6) of the eleven (11) affirmative defenses. For the reasons set forth below, Plaintiff's motion to dismiss is GRANTED, with leave to amend, and Plaintiff's motion to strike is DENIED.

## MOTION TO DISMISS COUNTERCLAIMS

### I. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., this Court must accept all of the alleged facts as true and resolve them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Omar ex rel. Cannon v. Lindsey*,

334 F.3d 1246, 1247 (11th Cir. 2003). A motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994). The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "must simply give defendant fair notice of what plaintiff's claim is and grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

**II. Discussion**

Plaintiff seeks dismissal Defendants' counterclaims for conversion and civil theft because the claims are barred by a statute of limitations. (Doc. 19).

**Count I – Conversion**

Defendant, Timothy Harbers, individually and as trustee, alleges that in August 2005 Plaintiff fraudulently induced their mother, Bernadine Harbers, into giving Plaintiff access to Bernadine Harbers' bank accounts and annuity through a Power of Attorney in order to intentionally convert annuity payments and $9,809.74 from a bank account for Plaintiff's own use. (Doc. 14). Plaintiff argues that the counterclaim for conversion should be dismissed as time-barred under Florida Statute § 95.11(3), which provides that the statute of limitations is four (4) years from the time of the conversion, because Defendants filed their counterclaim six and one-half (6 1/2) years after the alleged conversion. (Doc. 19). In response to Plaintiff's motion to dismiss, Defendants argue that a compulsory counterclaim for damages is not barred by a statute of limitations. (Doc. 24). Defendants reason that the counterclaim of conversion is

2

compulsory because Plaintiff converted funds from a bank account that was part of Bernadine Harbers' trust property. (Doc. 24).

Under Florida law, "a compulsory counterclaim in recoupment permits the recovery of an affirmative judgment even though barred as an independent cause of action by the running of the statute of limitations." *Allie v. Ionata*, 503 So. 2d 1237, 1239 (Fla. 1987). *See also Blasland, Bouck & Lee, Inc. v. North Miami*, 283 F.3d 1286, 1300-01 (11th Cir. 2002). In order for a counterclaim for recoupment of money damages not to be time-barred by the applicable statute of limitations, "it must spring from the same transaction or occurrence as the underlying claim." *Maynard v. Household Fin. Corp. III*, 861 So. 2d 1204 (Fla. 2d DCA 2003). In other words, the counterclaim must be compulsory rather than permissive. *Orix Capital Mkts., LLC v. Park Avenue Assocs., LTD.*, 881 So. 2d 646, 650 (Fla. 1st DCA 2004). A counterclaim is deemed compulsory where the following test is satisfied:

> [The counterclaim] arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of the facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992) (quoting *Neil v. S. Fla. Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981)).

Defendants fail to demonstrate how their counterclaim for conversion constitutes a compulsory counterclaim. The only indication in Defendants' response that the counterclaim springs from the same transaction or occurrence as Plaintiff's original claims of tortious interference with an expectancy of an inheritance or breach of a trustee's fiduciary duty is that the counterclaim of conversion concerns a portion of Bernadine Harbers' trust property.

Defendants must specifically demonstrate how the counterclaim arises out of the same transaction or occurrence as the underlying claim for this claim to proceed.

Accordingly, Plaintiff's motion to dismiss Count I of Defendants' counterclaims is GRANTED with leave to amend Count I to provide the opportunity for the movant to demonstrate that Count I constitutes a compulsory counterclaim.

**Count II – Civil Theft**

Plaintiff argues that any counterclaim for civil theft should be denied because it is barred by the statute of limitations. (Doc. 19). However, Defendants do not set forth any specific allegation, but only assert that the counterclaim for civil theft "May be added by a supplemental pleading if there is no compliance with demand." (Doc. 14). Because Count II merely asserts a possibility of making a future counterclaim, it does not comply with the short and plain statement pleading standard of Federal Rule of Civil Procedure 8(a). Consequently, Plaintiff's motion to dismiss Count II is GRANTED.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

**I. Standard of Review**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 73 So. 151 (1916)). Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting

*Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) (a defense is insufficient as a matter of law if, on the face of the pleading, it is patently frivolous, or if it is clearly invalid as a matter of law)). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

**II. Discussion**

Plaintiff moves to strike Defendants' third, fourth, fifth, sixth, seventh, and eighth affirmative defenses, alleging they are insufficient. (Doc. 19). Defendants provide enough factual support for their third, fourth, fifth, seventh, and eighth affirmative defenses to withstand Plaintiff's motion to strike. Defendants' sixth affirmative defense shall be treated as a specific denial rather than as an affirmative defense.

Defendants claim in their affirmative defense that Plaintiff made false and wrongful accusations about Defendant Timothy Harbers to the Florida Department of Children and Families which, after an investigation, were "determined to be unfounded in connection with Timothy Harbers' handling of his mother's business affairs and his treatment of his mother." (First Affirmative Defense, Doc. 14). Further, Defendants claim that Plaintiff wrongfully induced Bernadine Harbers into providing a Power of Attorney to Plaintiff and wrongfully diverted Bernadine Harbers' Trust property for Plaintiff's own use. (Doc. 14).

The information contained in Defendants' affirmative defenses presents relevant and substantial legal and factual questions which do not prejudice Plaintiff. *Reyher*, 881 F. Supp. at 576. After reviewing all of Defendants' affirmative defenses, this Court finds that Defendants'

third affirmative defense of administrative res judicata or administrative collateral estoppel relate to the findings of the agency's investigation and, therefore, shall not be stricken. For the same reasons, this Court will not strike Defendants' fourth affirmative defense of estoppel, fifth affirmative defense of waiver, seventh affirmative defense of fraud, and eighth affirmative defense of conversion. These affirmative defenses all have a possible relationship to the controversy and do not confuse the issues. *Reyher*, 881 F. Supp. at 576. Consequently, Plaintiff's motion to strike Defendants' third, fourth, fifth, seventh, and eighth affirmative defenses is DENIED.

Defendants' sixth affirmative defense states that Plaintiff's claims are barred by the plain and unequivocal terms of the Trust document attached to the Complaint. (Doc. 14). This defense does not admit to Plaintiff's Complaint, but acts as a denial of Plaintiff's allegations. "A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Nonetheless, "the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007); *see also Geller v. Von Hagens*, Case No. 08:10–cv–01688–EAK–AEP, 2011 WL 2581187, at *3 (M.D. Fla. June 29, 2011). Accordingly, it is

**ORDERED** that the motion to strike Defendants' sixth affirmative defense be **DENIED**, and the defense shall be treated as a specific denial. It is further

**ORDERED** that Plaintiff's motion to strike Defendants' third, fourth, fifth, seventh, and eighth affirmative defenses be **DENIED**. And it is

**ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaims be **GRANTED**, and Defendants have ten (10) days from the date of this order to file an amended counterclaim.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 7th day of June, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.